\#  UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 24-293 (PJS/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(1) ASHIMIYU ALOWONLE II,
    a/k/a "Cash,"

        Defendant.

**ORDER FOR DETENTION**

On October 28, 2024, a federal grand jury returned an indictment charging Ashimiyu Alowonle II and 10 other defendants with Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d). (Doc. 1.) Mr. Alowonle is also charged with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846. *Id*. A bench warrant for Mr. Alowonle's arrest was issued the same day as the Indictment. (Doc. 4.) At that time, Mr. Alowonle was in federal custody in the District of North Dakota. (Doc. 122.) Mr. Alowonle made his initial appearance in the instant case in the District of Minnesota on December 19, 2024.   (Doc. 154.)

The Court presided over Mr. Alowonle's arraignment and detention hearing on December 26, 2024. (Docs. 170-71.) Mr. Alowonle was present and represented by his attorney, Jordan S. Kushner, Esq. The United States was represented by Assistant United States Attorney David Classen. At the hearing, Mr. Alowonle challenged the government's motion for detention. The government offered one exhibit, a Department of Homeland Security report describing the review of a cell phone, which was also attached to the government's Motion for Detention and received in evidence without objection. (Doc. 163.)

The defendant offered eight exhibits, all of which had been filed electronically on the docket and were received without objection. (*See* Docs. 168, 169.) These exhibits included (1) support letters, (2) family photos, (3) corporate filings, (4) New Leaf mission statement, (5) Commercial Driver's License photograph, (6) job reviews, (7) a letter from the State of Minnesota regarding the defendant's civil rights restoration, and (8) Facebook posts. The defendant also introduced testimony from two witnesses, a pastor who has known the defendant for several years, and the defendant's adult daughter. Both witnesses testified about the defendant's connections to the community and his character.

In light of the charges against Mr. Alowonle, the Pretrial Services Report detention recommendation, and the evidence proffered by the government, the Court determined that there were no conditions or combination of conditions that could reasonably assure the safety of the community. While the evidence presented by Mr. Alowonle demonstrated that he is a productive, charitable, and caring father and community member, his criminal record and, most particularly, his pattern of recidivism shortly after release from custody for several lengthy sentences, convinced the Court there are no conditions that could mitigate the risk to community safety.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. The Court finds that the rebuttable presumption provisions of 18 U.S.C. § 3142(e) apply.

The Court finds that detention is justified in order to ensure the safety of the community.  The Court finds, by clear and convincing evidence, that there are no conditions or a combination of conditions that would ensure the safety of the community. The Court specifically considered less restrictive

measures. However, given the nature of the instant offense, and Mr. Alowonle's criminal history, as well as his history of committing criminal conduct while under supervision, the Court finds that these less restrictive measures do not alleviate the Court's concerns about the danger Mr. Alowonle would pose to the community if released pending trial.

The Court therefore concludes that detention is appropriate, pursuant to 18 U.S.C. §§ 3142 *et seq*.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Mr. Alowonle is required to appear for further proceedings;

2. Mr. Alowonle is remanded to the custody of the United States Marshal until his next appearance in Federal Court; and

3. Mr. Alowonle shall be afforded reasonable opportunity to consult privately with his counsel.

Dated:  December 27, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge
